**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN LOYE; KENNETH LOYE, | No. 11-17725 |
| Plaintiffs - Appellants, | DC No. 1:10 cv-01581 LJO |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted December 4, 2012
San Francisco, California

Before:    D.W. NELSON, TASHIMA, and MURGUIA, Circuit Judges.

Susan Loye was seriously injured during a visit to Yosemite National Park.

She lost her balance and fell off the edge of recently-constructed granite trail steps

that led up from a nature trail to the popular Olmsted Point viewing area.  Loye and

her husband brought claims of negligent design and loss of consortium against the

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

National Park Service ("Park Service") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.[1] The Loyes claim that the trail steps failed to comply with various building codes, ADA Accessibility Guidelines ("ADAAG"), and Uniform Federal Accessibility Standards ("UFAS"), because the steps lacked handrails and were built with an unusual rise-and-run. The district court held that these claims were barred by the FTCA's discretionary function exception, 28 U.S.C. § 2680(a). *Loye v. United States*, 2011 WL 4841604, at *1 (E.D. Cal. 2011). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The discretionary function exception protects the government from "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Our analysis proceeds in two steps: "we must determine whether the challenged actions involve an element of judgment or choice" and "then . . . consider whether that judgment is of the kind that the discretionary function exception was designed to shield." *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008) (internal quotation marks and citations omitted).

---

[1] The Loyes also asserted a failure-to-warn claim that is not argued in their opening brief and, therefore, is deemed waived.

Government conduct does not involve an element of judgment or choice "when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). The exception does not apply where "a statute or policy direct[s] mandatory and specific action . . . because there can be no element of discretion when an employee 'has no rightful option but to adhere to the directive.'" *Terbush*, 516 F.3d at 1129 (quoting *Berkovitz*, 486 U.S. at 536). The ADAAG, UFAS, and various building codes on which the Loyes rely do not, however, by their terms, apply to trail steps in a national park, and the Loyes point to no policy statements containing "mandatory and specific directives to which the [Park Service] had 'no rightful option but to adhere'" regarding the design of the trail steps. *Terbush*, 516 F.4d at 1131 (quoting *Berkovitz*, 486 U.S. at 536).

The Park Service's decision to build the trail steps as it did, with a particular rise-and-run and without handrails, was plainly rooted in policy because it balanced competing considerations of safety and accessibility against a need to preserve Yosemite's natural terrain and panoramic views. Lest we forget, the purpose of our national parks is "to conserve the scenery and the natural and historic objects and the wild life therein and to provide for the enjoyment of the same in such manner and by such means as will leave them unimpaired for the

3

enjoyment of future generations." 16 U.S.C. § 1. We conclude that discretionary immunity shields the Park Service's decision to balance these competing policy interests as it did.

**AFFIRMED.**